UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH SCOTT BALZER,

        Plaintiff,

                                    CASE NO. 1:09-CV-359

v.
                                    HON. ROBERT J. JONKER

BAY WINDS FEDERAL CREDIT UNION,
CHARLEVOIX STATE BANK, RIVERSIDE
TITLE COMPANY, STEWART TITLE
GUARANTEE COMPANY, ESTATE OF
STEVEN WEISSER, and DOES I THROUGH X,
INCLUSIVE, jointly and severally,

        Defendants.
_____/

## OPINION AND ORDER

       This matter is before the Court on Defendant Stewart Title Guarantee Company's Notice of Removal (docket # 1). Stewart Title invokes the Court's removal and diversity jurisdiction, but removal is improper because multiple defendants in this action are Michigan citizens. *See* 28 U.S.C. § 1441(b). Accordingly, on May 11, 2009 this Court ordered Stewart Title to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (Docket # 17.) Stewart Title's response (docket # 21) concedes that removal was improper, but argues this Court is powerless to dismiss or remand the action because Plaintiff did not file a motion to remand within thirty days of removal. *See* 28 U.S.C. § 1447(c).

       There is no question removal was improper in this case. At least four named defendants are Michigan citizens. Under the so-called "forum-defendant rule," the presence of even one resident defendant precludes removal where the only asserted basis of federal subject matter jurisdiction is

diversity of citizenship.  *Chase Manhattan Mort. Co. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); 28 U.S.C. § 1441(b) ("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). The only question raised by Stewart Title's response is whether this Court may enforce the plain language of Section 1441(b) and remand the case to state court, even though Plaintiff has not filed a motion to remand.

Stewart Title argues that the Court cannot *sua sponte* enforce Section 1441(b) because it is a mere procedural requirement of removal, not a substantive limitation on the Court's subject matter jurisdiction in a removed action.  *Cf. Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) ("§ 1447(c) does not authorize *sua sponte* remands for purely procedural defects.").  Defects in subject matter jurisdiction are never waived and may be raised at any time, even on appeal.  *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539-40 (6th Cir. 2006). Conversely, defects in removal procedure–e.g., removal to the wrong federal district–may be waived if Plaintiff fails to file a motion to remand within thirty days of removal.  *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 (11th Cir. 1997); 28 U.S.C. § 1447(c).  In this case, the Court issued its show cause order raising the forum-defendant rule within the thirty-day remand period, but Plaintiff never actually filed a motion to remand.  Stewart Title responded to the Court's show cause order one day after Plaintiff's thirty-day remand period lapsed.  According to Stewart Title, time has run out on the Court's show cause order because Plaintiff failed to file a timely motion to remand.  Accordingly, even though the case is plainly not within the removal jurisdiction authorized by Congress, 28 U.S.C. § 1441(b), Stewart Title argues that the Court is powerless to enforce the congressional limit and that the case must remain in federal court.  This Court disagrees.

2

Like all inferior federal courts, this Court's jurisdiction is entirely a creature of statute. The Court may hear only those cases authorized by Congress. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Under 28 U.S.C. § 1441(a), the Court's statutorily authorized removal jurisdiction extends to any action over which it would have original jurisdiction, "[e]xcept as otherwise expressly provided by Act of Congress." (Emphasis added). In Section 1441(b), Congress "otherwise provided" by expressly limiting the scope of federal removal jurisdiction in diversity actions: such actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Read together, these two sections delineate the outer limits of a district court's removal jurisdiction in diversity actions. To the extent the congressional mandate in Section 1441(b) is at all ambiguous, the Court notes that "statutes conferring removal jurisdiction are to be construed strictly because removal encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). In this case, Plaintiff sued various Michigan citizens (and one Texas citizen) in Michigan court asserting claims under Michigan law. (*See* Notice of Removal, docket # 1.) As the Court noted in its Order to Show Cause, the express language of the removal statutes make this case non-removable. It is not a mere procedural flaw, such as failure to follow the proscribed protocol of "Procedure for Removal" specified in 28 U.S.C. § 1446. Rather, it is a congressional limitation on the removal power.

The Court recognizes that most courts to address the question of whether the forum-defendant rule is "procedural" or "jurisdictional" have concluded that the rule is procedural only,

subject to waiver in every case and not a proper basis for *sua sponte* remand.  *See*, *e.g.*, *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (collecting cases); *but see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145-46 (8th Cir. 1992). Sixth Circuit precedent on this issue is inconsistent. *Compare Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924) (exercising jurisdiction over appeal from a final judgment in a removed action even though the case was "not technically removable under the statute"), *and RFF Family P'ship v. Wasserman*, 2009 WL 596107 (6th Cir. 2009) (unpublished per curiam decision) (upholding a prior motions panel decision citing to *Lively*), *with Thompson v. Karr*, 182 F.3d 918, at *3-4 (6th Cir. 1999) (table opinion) (exercising jurisdiction over appeal from order granting summary judgment, but raising the forum-defendant rule *sua sponte* "since it relates to our jurisdiction").  Recently, two different district courts within this circuit analyzed the seemingly conflicting case law and determined that the forum-defendant rule is a jurisdictional limitation.  *Regions Bank v. Am. Justice Sch. of Law, Inc.*, 2009 WL 909548 (W.D. Ky. 2009); *Johnson v. Panther II Transp.*, 2007 WL 2625262 (N.D. Ohio 2007).  Ultimately, this Court does not believe the Sixth Circuit has issued a definitive and binding ruling on point because even though the result in *Handley-Mack* permits waiver, suggesting the issue is not one of pure subject matter jurisdiction, the result does not require a finding of waiver in every case, as more fully explained below.

*Lively* and other decisions that treat the forum-defendant rule as merely procedural and always subject to waiver ignore the interplay between Sections 1441(a) and (b), and improperly extend the reach of the Supreme Court's decision in *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699 (1972).  In *Grubbs*, the Supreme Court held that where a case is tried on the merits and judgment is entered, "the issue in subsequent proceedings on appeal is not whether the case was properly

4

removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Id.* at 702.  That is much different than saying a federal district court lacks power to enforce congressional limitations on removal jurisdiction when promptly raised by the Court or a party.  *Grubbs* is grounded in understandable concerns for judicial economy.  The decision recognizes that the statutory requirements for removal, 28 U.S.C. §§ 1441-1447, must sometimes give way to the court's need to preserve valuable judicial resources and uphold the finality of judgments on appeal, provided the court would have had original jurisdiction of the case apart from removal.  *See id.* at 702-04; *see also Thompson v. Karr*, 182 F.3d at *4 ("In view of the extensive discovery already completed in this case, as well as the time invested in the district court's opinion and our own preparation, we are persuaded that *Grubbs* should apply.").  This is the very same fact pattern present in *Handley-Mack*, 2 F.2d 435.  But neither *Grubbs* nor *Handley-Mack* require a district court to overlook facially obvious defects in the court's removal jurisdiction just because no party has raised them.  *See Regions Bank*, 2009 WL 909548 at *4-6; *Johnston*, 2007 WL 2625262 at *2-3.  In essence, cases like *Lively* have created a false and extreme dichotomy between a subject matter jurisdiction challenge that can never be waived and may always be raised by the Court *sua sponte*, on the one hand; and so-called "procedural challenges" that can always be waived and may never be raised by the court *sua sponte*.  *Grubbs* and *Handley-Mack* call for a more nuanced consideration of both the nature of the procedural flaws, and the context of the case at the time the flaw is identified.  This approach permits a court to balance the respective interests of judicial economy, finality of judgments, and the seriousness of the procedural flaw.

In this case, the balance weighs heavily in favor of permitting the Court to raise and enforce the forum defendant rule on its own.  The flaw in the removal is no mere procedural technicality, but

a fundamental issue of the removal power.  Congress has made clear that a district court's removal jurisdiction is narrower than its original jurisdiction.  *Compare* 28 U.S.C. § 1441, *with* § 1332.  The Court has an obligation to enforce both limits.  Nothing in *Grubbs* or *Handley-Mack* requires the Court to ignore facially obvious removal jurisdiction defects when promptly raised by the Court or another party.  Nor is there any basis for waiver of the removal jurisdiction defect in this case using *Grubbs* considerations of judicial economy and finality of judgments.  Stewart Title filed its Notice of Removal on April 16, 2009.  Just over three weeks later, this Court ordered Stewart Title to show cause why the case should not be dismissed for lack of subject matter jurisdiction based on the forum-defendant rule.  Although Plaintiff had not yet filed a motion to remand, the Court's show cause order was well within the thirty-day remand period of 28 U.S.C. § 1447(c).

Thus, application of the waiver theories in *Grubbs* and *Lively* to Plaintiff in this case would be inappropriate.  Stewart Title's response to the Court's show cause order concedes the case is outside the removal jurisdiction specified by Congress, but argues that the Court is powerless to enforce the congressional limit unless Plaintiff raises it.  This is incorrect.  At the very least, the forum-defendant rule "relates to [this Court's] jurisdiction."  *Thompson*, 182 F.3d at *3-4.  It is not a mere procedural rule.  Consequently, the Court has an obligation to raise the issue on its own accord.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("We add that our removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction.").  Moreover, in this case, the time at which the forum-defendant rule is raised is of far more importance than the identity of the party that raises it.  The Court raised the issue promptly after Stewart Title's removal.  The

Court has not issued a case management order, and discovery has not yet begun.  Under these circumstances there is no justification for disregarding the plain language of 28 U.S.C. § 1441.

**IT IS ORDERED** that Defendant Stewart Title has failed to show cause why the case should remain in this Court, and the action is **REMANDED** under 28 U.S.C. § 1447 to the 13th Judicial Circuit Court for the State of Michigan.


Dated:    June 8, 2009           /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE